FILED
2008 Jul-22 AM 10:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| FAYRENE PATTERSON ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER: |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| SRS AND ASSOCIATES, LLC, ) | |
| EMPIRE STATE RECOVERY ) | |
| AGENCY, INC., JAMES A. ) | |
| NELMS, INDIVIDUALLY; ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

This is an action brought by the Plaintiff, FAYRENE PATTERSON, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Plaintiffs also seek compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1692k (d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants all transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Fayrene Patterson, ("Plaintiff" or "Patterson") is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-

one (21) years.

2. The Defendant, SRS and Associates, LLC ("SRS"), whose correct corporate status is unknown, but was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. SRS has a principal place of business located at 80 S. Main Road, Vineland, NJ 08360. SRS is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

3. The Defendant, Empire State Recovery Agency, Inc., also known as ESR Agency, Inc. ("ESR"), is a business entity which is, upon information and belief, incorporated under the laws of the State of New York, but was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. ESR has a principal place of business located at 2495 Main Street, Ste. 556 Buffalo, NY 14214. ESR is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4. Upon information and belief James A. Nelms ("Nelms") is an employee or agent of ESR. It is unknown at this time if the person referring to himself as "James A. Nelms" has any different names or aliases. It is a common practice for employees of debt collectors to have pseudonyms or "desk names" that differ from their legal names. Should Plaintiffs learn of a different name for the person calling himself "James A. Nelms," Plaintiffs will amend their Complaint accordingly.

## FACTUAL ALLEGATIONS

5. Beginning in December, 2007, Defendant SRS began a campaign of harassment against the Plaintiff in an effort to collect a debt allegedly owed to Household Bank and/or Orchard Bank.

6. The debt allegedly owed to Household Bank and/or Orchard Bank was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

7. On or about December 11, 2007, an agent or employee of SRS calling herself "Laura Benowitz" contacted Plaintiff with regard to this alleged debt and left a message on Plaintiff's answering machine. The message in pertinent part was as follows:

"This is Laura Benowitz calling for Fayrene Patterson. Return my call when you receive this message at 1-800-801-0065. I am contacting you in regards to a pending civil caase that does pertain to you in the state of Alabama. I want to make sure that you are not blind-sided by the events taking place and possibly assist you in resolving this issue amicably at this point. I advocate a return call to my firm today so that we can address this issue. You can reach me directly at 1800-801-0065 and you must reference case number 2007-02-0572. I anticipate a return call to my firm today. This is the final opportunity for you to contact me to discuss this matter. Thank you."

8. At no point in the message did the caller identify who she worked with or that the phone call was from a debt collector in an attempt to collect a debt as required by law.

9. Despite the statement that the phone message was the "final opportunity" to discuss the debt, on or about 12/26/07 Plaintiff received a phone call at home from a woman calling herself "Holly Cohen." "Holly Cohen," upon information and belief is an employee or agent of SRS. "Holly Cohen" told the Plaintiff that she was calling from SRS and Associates located in Vineland, New Jersey. "Holly Cohen" stated that the phone number was 1-800-801-0065 and that she was calling regarding a Household Bank/Orchard Mastercard. "Holly Cohen" told the Plaintiff that the balance on the card was $1,023.81. In the course of the conversation with the plaintiff on 12/26/07, "Holly Cohen" told the plaintiff that SRS "had a judgment on the account," that SRS would "put a lien on [Plaintiff's] property," that SRS would "garnish [Plaintiff's] wages," and that SRS needed to "litigate" the matter before "the statute of limitations runs." "Holly Cohen" indicated that a lawsuit had been filed against the Plaintiff bearing case number "2007-20572" with the "county clerk in Alabama." Plaintiff was finally told that there would be "service of process" on Monday, December 31, 2007 and that the matter needed to be resolved or the Plaintiff would "be served papers."

10. On or about December 31, 2007, the date that Plaintiff was told she would be "served papers," a woman calling herself "Donna Fox" called the Plaintiff at home. "Donna Fox" represented herself to be calling from SRS and Associates out of Vineland, New Jersey regarding a "Household Orchard Bank account." "Donna Fox" told the Plaintiff that she owed $1,023.81 but that the original balance was $513.39. "Donna Fox" told the Plaintiff that the last payment on the account was in September of 2003. "Donna Fox" offered the Plaintiff a "one time settlement" of $716.00. When told that the Plaintiff couldn't pay, "Donna Fox" told the Plaintiff that "in the immediate future [the Plaintiff] would be served by the county sheriff for court with a packet of information to fill out and a questionnaire and court date." "Donna Fox" then told the Plaintiff that "you will have a lien attached to your property or your wages garnished," and that "Donna Fox" wanted the Plaintiff to "just be aware."

11. To date, no lawsuit has been filed against Fayrene Patterson regarding this alleged debt. Further, Plaintiff has received no correspondence from SRS regarding this alleged debt.

12. In the spring of 2008, Defendant ESR began a campaign of harassment aimed at intimidating the Plaintiff into paying a debt that she did not and does not owe.

13. On or about May 20, 2008, Plaintiff received a message on her home answering machine from a person calling himself "Morrow" with the "investigating division of Empire State Recovery." The message in pertinent part was as follows:

"There have been civil complaints filed here in my office naming you as the respondent. It is imperative that I speak with you or your attorney in regards to this civil complaint while it is still in the investigative stage. Failure will result in further action. Call 1-800-375-3009, case BG 2176."

14. At no point in the message did the caller state that the phone call was from a debt collector in an attempt to collect a debt as required by law.

15. On or about July 8, 2008, Plaintiff received a message on her home answering machine from a man calling himself "Mr. Mallory," who represented himself as a "claims mediator for the office of Empire State Recovery." The message, which closely resembles the May 20, 2008 message, in pertinent part was as follows:

"This message is for Fayrene Patterson. My name is Mr. Mallory and I'm the claims mediator for the office of Empire State Recovery. There has abeen a complaint

now that's naming you as the respondent and it is imperative that I speak with you with regard to this complaint while it is in the investigative stages. I can be reached at 1-800-375-3009 and when contacting me please refer to your case number which is BG 2176. Failure not to contact my office may result in further action."

16. At no point in the message did the caller state that the phone call was from a debt collector in an attempt to collect a debt as required by law.

17. On or about July 14, 2008, Plaintiff received another call from "Mr. Mallory" on her answering machine. The message stated in pertinent part as follows:

"This message is for Fayrene Patterson. My name is Mr. Mallory. I'm the claims mediator for the office of Empire State Recovery. I'm calling in regards to a civil complaint which is being filed against you and is currently being formalized in your county. I need you to contact me at 1-800-375-3009 and refer to case number BG 2176. If I do not receive a response in regards to this matter within 48 hours, your file will be stamped as direct refusal to cooperate and further action [will be taken] in this matter."

18. At no point in the message did the caller state that the phone call was from a debt collector in an attempt to collect a debt as required by law.

19. On or about July 15, 2008, at approximately 3:00 p.m., Defendant James A. Nelms, representing himself as "Senior Partner" at ESR sent Plaintiff a debt collection letter. This collection letter is the first collection letter regarding this alleged debt sent by ESR to the Plaintiff. The letter demands payment within "ten (10) days." The collection letter further fails to provide the mandatory §1692g notice required by law. This collection letter appears to be signed by James A. Nelms. A copy of this correspondence is attached hereto as "**Exhibit A.**"

20. The actions of all Defendants, both jointly and separately constitute numerous violations of the FDCPA and state common law. These actions were taken willfully and with the intent to harass, annoy, abuse and oppress Plaintiff regarding an alleged debt that she does not owe.

21. Plaintiff has suffered damages as a result of Defendants' actions including, but not limited to, mental anguish, fright, headaches, nausea, insomnia, and physical pain.

22.     Defendants' illegal and deceptive actions were undertaken with a conscious intent to frighten, harass and bully the Plaintiff into paying regardless of whether or not the debt was owed. In fact, Defendant ESR, on its website, cites as a reason to use a collection agency: "Debtors will often pay a collection agency even though they never cooperated with the original creditor, mainly because collection agencies typically increase the psychological anxiety associated with a debt." (*See* www.esragency.com; webpage accessed on July 15, 2008).

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

23.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

24.     The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

25.     The Defendants used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of § 1692e(2), § 1692e(3), § 1692e(4), § 1692e(5), § 1692e(10), and § 1692e(11).

26.     The Defendants violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt.

27.     The Defendants violated § 1692d engaging in conduct with the intent to annoy, abuse or harass.

28.     The Defendants violated § 1692g by failing to provide the statutory validation notice within 5 days of the initial communication with Plaintiffs. Defendant James Nelms violated § 1692g specifically by failing to include the required notices in his initial communication with Plaintiff and by demanding payment within 10 days.

29.     As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer actual damages for worry, embarrassment, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

30. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

31. The Defendants knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

32. The Defendants knew or should have known that said conduct was improper.

33. Defendants SRS and ERS negligently failed to train and supervise collectors in order to prevent said improper conduct.

34. Defendants SRS and ERS negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

35. As a result of the Defendants' negligence, the Plaintiffs suffered embarrassment, worry, anxiety, nervousness, loss of sleep and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

36. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

37. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

38. The Defendants knew or should have known that the said conduct was improper and illegal.

39. Defendants SRS and ERS recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

40. Defendants SRS and ERS recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and

third parties.

41.　As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF THE RIGHT OF PRIVACY

42.　The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

43.　The Defendants undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

44.　Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of both SRS and ERS.

45.　Said communications constitute the wrongful intrusion into her solitude and seclusion.

46.　As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A.　Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.　Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§ 1692k);

C.　Actual damages for the Defendant's violations of the FDCPA;

D.  Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

E.  Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision; and,

F.  Such other and further relief that this Court deems necessary, just and proper.

/s/ W. Whitney Seals
W. Whitney Seals

Attorney for Plaintiff
**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

**PLAINTIFF REQUESTS THAT DEFENDANTS BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

SRS and Associates, LLC
80 S. Main Road
Vineland, NJ 08360

Empire State Recovery Agency, Inc.
2495 Main Street, Ste 556
Buffalo, NY 14214

James A Nelms
c/o Empire State Recovery Agency, Inc.
2495 Main Street, Ste 556
Buffalo, NY 14214

Jul 21 2008 9:11AM    HP LASERJET FAX            2053233906              P.2

12/02/2005  06:07  7168315606          ESR                          #1548 P.002/002

# EMPIRE STATE RECOVERY AGENCY, INC
## PO BOX 428
## BUFFALO, NY 14209

Phone: (800) 375-3009          Fax: (716) 831-5606

July 15, 2008

FAYRENE PATTERSON
3401 3RD PL NE
CENTER POINT, AL 35215

Creditor: HOUSEHOLD-ORCHARD
Account Number: 5437000314205255
File #: 33685
Principal: $513.39

Dear FAYRENE PATTERSON,

This letter is intended to inform you that we, ESR Agency Inc., are handling the above mentioned account. The current Balance is $513.39. Payment must be received in our office within ten (10) days.

Upon clearance of your payment(s), this account will be considered paid in full. Your payment and release notice is pending receipt of your payment.

Payments must be received in our offices on or before said dates, as this arrangement will no longer be recognized by our office after said dates.

Yours Truly,

James A Nelms
Senior Partner

**This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

---

IMPORTANT: TO ENSURE PROPER CREDIT, PLEASE RETURN THIS LOWER PORTION TOGETHER WITH YOUR REMITTANCE

FAYRENE PATTERSON
3401 3RD PL NE
CENTER POINT, AL 35215

File #: 33685
Account Balance: $513.39

Payment Amount: $_____

Please Circle
Pay by: Check / Money Order
    Visa
    MasterCard
    American Express
    Discover

Statement Name and Address
Name:
Address Street:
City:
State, Zip:

Card Number: [              ]

Exp Date: [    ]               Authorized Signature: _____

Payment may be made on line at www.esragency.com


EXHIBIT A